We'll proceed next in the case of Romero Zambrano v. Jefferson Sessions III. Judge Keenan and may it please the Court, under the Immigration and Nationality Act any alien wishing to seek asylum in the United States must file their application within one year of their arrival. But Congress created an exception for cases involving changed circumstances which materially affect the alien's eligibility for asylum. The question in this case is whether the BIA committed a legal error in holding that the petitioner did not qualify for this exception. We contend that the Board committed two distinct errors of law, each of which provide an independent basis for this Court's jurisdiction. First, the Board erroneously read the statute to only apply to circumstances that create an entirely new fear of persecution, as opposed to circumstances that relate to an existing fear of persecution. Second, the Board violated its own regulations by applying clear error review rather than de novo review in holding that the petitioner did not qualify for the exception. Unless the Court prefers otherwise, I will first address jurisdiction followed by the statutory claim and then the regulatory claim. Well, did the BIA say in this case that changed circumstances cannot, or that an intensification of the problems in the homeland cannot amount to changed circumstances? That's certainly our reading of the decision. We believe that both the IJ and the Board were resting on a flawed legal premise. The IJ said, and this is on page 75 of the administrative record, additional proof of preexisting persecution is not a changed circumstance, materially affecting the respondent's eligibility for asylum. And then the Board said, and this is on page 4 of the administrative record, we agree with the immigration judge that additional proof in support of an existing claim does not establish changed circumstances. Returning to jurisdiction, under Gomez v. Holder, the Court does not have jurisdiction to reach whether my client ultimately qualifies for the exception to the one-year deadline. However, the Court does have jurisdiction over questions of law, and we would submit that even if the Court disagrees with our arguments, whether the Board misinterpreted the statute, and whether it applied the wrong standard of review, are classic questions of law over which it has jurisdiction. Is that the basis that you distinguish our Gomez decision on? Correct. We recognize that there is some similarity in the underlying claims insofar as both related to circumstances that intensified an existing fear of persecution. But if you review the briefs in Gomez, you will see that the petitioner did not argue that the Board misinterpreted the statute or applied the wrong standard of review. The petitioner only asked the Court to reach the merits of her claim and to hold that she qualified for the changed circumstances exception. We are not doing that. We are not... You're saying that in Gomez, the argument was the sufficiency of the evidence, not the legal standard. Precisely, Your Honor. We are only asking the Court to consider whether the Board misinterpreted the statute or applied the wrong standard of review. And if the Court agrees with either of our arguments, we would simply ask for a remand for the Board to apply the correct standard. If the Court has no further questions about jurisdiction, our statutory claim is that the Board misinterpreted... Your Honor, I want to reiterate that the Board made its final determination, and the issue, of course, I anticipate may be that that was a factual determination, that these facts is an interpretive determination made by the Board. That is, the Board made a decision as a matter of law, that it doesn't matter what the facts are. If this exists, this is going to be the result. Is that where we're going? Yes. We think the Board relied on an erroneous legal premise, if you will. But I would say, and I'll address this later, that even if you agree with the government's reading of the record, we think we would still win because we think, even in that case, the Board misinterpreted the statute and applied an incorrect standard of review. Whether or not circumstances have, quote, unquote, changed, we would argue, to a set of undisputed facts, we would argue is still a question to which the Board must have applied a NOVA review because it is an ultimate conclusion to which the facts lead. That's getting into our regulatory claim. And we would also argue that, for statutory purposes, the ultimate determination is simply whether, once facts, as found by the IHA and found not clearly erroneous by the Board, once those facts are determined, the only question is whether they materially affect the alien's eligibility for asylum. So whether circumstances have, quote, unquote, changed is already baked into that analysis because an alien's eligibility for asylum cannot be affected without an underlying change. Now, that's under the government's reading of the record. We, of course, read the record differently from the government. So your argument is that there are certain historical facts that occur, and those are that, you know, they went to his sister's house and all those things that happened in his native country. And those are subject to great deference by both the IHA and the Board and by this Court. But the legal meaning of those actions is the question that we have that the Board had to address in its review of the ALJ and what we have to address in our review of the Board's decision. Is that correct? Precisely, Your Honor. The facts of this case, the historical facts, as it were, are undisputed. The IHA found that my client testified credibly, and the government did not challenge that determination on appeal. So the only question before the Board was whether my client qualified for the exception. Now, returning to our statutory claim, we contend that by referring to circumstances that materially affect the applicant's eligibility for asylum rather than circumstances that to any circumstances that materially increase the likelihood that an alien would qualify for asylum, even when the alien could have potentially sought asylum before the developments in question took place. As the Second, Sixth, and Ninth Circuits have held, Congress did not intend to limit the exception to circumstances that make an alien potentially eligible for asylum in the first place. So we would ask the Court to join those circuits and to hold that the BIA erred as a matter of law in holding that my client did not qualify for the exemption simply because the circumstances at issue provided, quote, additional proof of a preexisting threat of persecution. The problem is where do you draw the line between what is sort of a different plane to the same motif versus something that is so substantial that it changes the circumstance? Like if a new dictator took control and said, I'm going to kill all these people, that would probably be a changed circumstance. But what if the new dictator just sent a nasty gram to the guy saying, don't come back or you'll be in trouble? I don't, I don't, where do you draw the line between those two? Well, I would say the Court, for purposes of this case, does not need to draw that line. And in fact, that may be a test that the Court should leave to the Board to create in the first instance. But if the Court does want to define materially, it has a few options. One, it can look to the dictionary definition of the term materially. You know, Webster's defines materially as considerably or to an important degree. So it's a case-by-case determination? It would always be a case-by-case determination. The Ninth Circuit in its decision in Vahora, you know, they say that materially affects means any circumstances that have a non-trivial effect on an alien eligible for asylum. That's actually the discretionary aspect of the Board's determination, is it not? Yes, in any individual case that... So why would this Court want to define that at this time? I don't see any... The Court does not need to. Yes, but beyond not need to, why would we, I mean, wouldn't that be a problem for us doing that in this case? I mean, what would be the purpose of it? Well, simply to explain why the Board erred, why the Board misread the statute. Because we think the term materially affects, by its plain meaning, includes circumstances that strengthen an existing claim for asylum. So what you're saying is we should say that the kinds of change, that changed circumstances can include an intensification of the problem, and that's what the law is, and that's what the law was reapplying, misapplying. Precisely, Your Honor, and that's exactly what the Second, Sixth, and Ninth Circuits have said in their respective opinions, and we wouldn't ask the Court to go any farther. So the remedy you're asking was to send it back so that they could apply the correct standard? Precisely, Your Honor, we are only seeking a remand for the Board to apply the correct standard. In fact, the standard that they have applied in numerous other unpublished decisions that we submitted with our opening brief. So for example, in the decisions contained in Appendixes C and D, the Board stated that the exception applies to, quote, new circumstances that materially strengthen an applicant's claim, even if it is determined later on that the applicant had a viable claim without the changed circumstances. In the decision at Appendix G, the Board said that the exception includes, quote, or pardon me, the exception, quote, does not require that changed circumstances be an entirely new claim, nor does it preclude an alien who has always feared persecution from filing when the risk of persecution increases. We would submit that the Board cannot have it both ways. The Board cannot reject an argument in my client's case that it itself has advanced in numerous other cases. It would be one thing if the Board acknowledged that it was changing position and explained why it was taking a different approach in my client's case, but it did not. It simply said without citation or explanation that, quote, additional proof in support of an existing claim does not establish changed circumstances. Now the government, importantly, does not dispute our reading of the statute. It only The Board only held that the events of March 2014 did not qualify as, quote, unquote, changed circumstances and thus did not reach whether the events materially affected my client's eligibility for asylum. Well, with all due respect to the government, we find that reading of the record highly implausible. It is difficult to see how any jurors can conclude that the events of March 2014 had not changed, or pardon me, that practitioner's circumstances had not changed as a result of the events of March 2014 when, in the span of a month, armed men accosted my client's former girlfriend and two of his brothers in cities hundreds of miles apart, demanding to know his whereabouts. I think even more importantly, the immigration judge himself relied heavily on the events of March 2014 in finding that my client qualified for withholding of removal, which, of course, requires a higher standard of proof, particularly on the fact that my client's relatives had been targeted throughout Honduras, thereby making it impossible for him to relocate internally. So in our view, the only plausible reading of the record is that the Board held that my client could not legally qualify for the exception because the threats that occurred in 2014 merely provided additional proof of a preexisting threat of persecution. Even if, again, the Court does not need to reach this issue, but even if the Court agreed with the government's reading of the record, we would submit that that also reflects a misinterpretation of the statute. Once the agency finds that the circumstances in question actually took place, the only remaining question is whether those circumstances materially affected the applicant's eligibility for asylum because whether circumstances have, quote, changed is already, as I said, baked into the analysis because an applicant's eligibility for asylum, linguistically, cannot be affected without an underlying change in circumstances. So if, as the government claims, the Board only held that my client's circumstances did not change and did not even reach whether his eligibility for asylum was affected, it failed to engage in an inquiry required under the statute, and that would provide independent grounds for remand by itself. If the Court has no questions, I would reserve the remainder of my time for rebuttal. Yes? This is my ignorance of how the process works. When your client is denied asylum, but his deportation is withheld, does that mean is he in custody or is he on the street? No. He received bond at the start of proceedings, and he is at liberty. And just to be clear, his removal is only withheld to Honduras, so the government could conceivably try to remove him to a third country, if it so shows. Thank you. Ms. Phillips? May it please the Court, Rebecca Hoffberg Phillips on behalf of the United States Attorney General. In this case, there's no dispute that withholding was granted. This person will not be removed to his country. So that's number one. Number two, there's no dispute that his asylum application was untimely. The question before the Court is to what extent may it review his ability to claim the changed circumstance exception in this case and allege what he considers to be legal error by the circumstances of this case. To be clear, a lot of the cases that he is relying on are really, for lack of a better word, materially different from the case at issue here, and in very significant ways. Because if you take a look at all of the holdings in the cases where there was found to be by the Second Circuit, the Sixth Circuit, the Ninth Circuit, they were looking at categorical legal holdings that they found to be, you know, legal holdings by the Board that they found to be contrary to the statute in terms of what it means to qualify and how to interpret the changed circumstances exception. None of them presented the types of facts at issue here where you have essentially identical sets of circumstances. The petitioner in this case had every opportunity to seek asylum. He tried to get to the U.S. five times, eventually got here. Did he apply for asylum? No. Well, what are the identical? I don't know. That confused me. You said the identical set of circumstances. What do you mean? What I mean is that he had the same gang members, the same types of persecutors, trying to go after the same types of relationships in his family, including the mother of his children and siblings. Different family members. Different. The mother of the children was the same, and then it was a different sibling. So one time it was the sister, the other time it was the brothers. It's the same type of circumstance. How can an intensification of the abuse in the home country never amount to a changed circumstance? Well, Your Honor, that is something that has been decided differently amongst, you know, that the board has said, as you can see in the decisions here, that maybe it can. But that's not what was found here. The board never said here that an intensification can never qualify as a changed circumstance. Well, didn't it come pretty close, though, except for not using the word never, when it said additional proof of an existing claim does not establish changed circumstances? That seems to me to be pretty categorical. If you're just giving us additional proof of something that existed in the past, not good enough. Isn't that what they're saying? Your Honor, it's along those lines where a repeat of circumstances isn't a changed circumstance. And that's how the government reads this. An essential duplication of a circumstance by the very language in terms of what it means to be a change is essentially what the board found. Now, it can't be read in isolation, and I understand that it comes very close to looking like a categorical holding in this case. I myself had to read the decisions several times so that I could fully understand exactly where the analysis was going. Okay. Let's change the evidence just a little bit. In the hypothetical circumstance that his brother had been killed in 2014, and the mother of his children had been killed in 2014, and there were witnesses who had heard them say that they were being killed because of Romero Zambrano's work with the police. Are you saying that that wouldn't be sufficient because it was evidence, additional proof of the prior claim? Well, Your Honor, that would be a potentially different circumstance than you have gang members, threatening family members, looking for the petitioner's whereabouts. That is the same exact circumstance of both situations. If you change the facts. Yeah, that's right. But I'm saying that if the facts were changed, that both of those people had been killed, you're still saying that that would be simply additional proof of an existing claim and not be sufficient to constitute a material... As Judge Gibney pointed out, a lot of whether something becomes non-trivial or the same, this is part of the board's discretion. I'm giving you a factual scenario where they were both killed, and are you saying the IJ's legal reasoning that additional proof of existing claim does not establish changed circumstances? Would that also apply in the case that they'd both been murdered? Your Honor, I cannot be sure about how the board would handle what, in terms of how much change is enough change in the difference between the circumstance. Your Honor, what I think is that there's a reason why there's a one-year deadline for asylum. Yeah, and my point, just to piggyback on that, is you've got to say the murders don't make a difference in the analysis, don't you? The issue is they had this one year, they knew they had the claim, they had a chance to put their evidence forward, and just because things happened afterward doesn't excuse them from not making the claim in the first place. Isn't that what you've got to argue, irrespective of how grievous the evidence is years later? Well, Your Honor, what I don't want to say is that no new evidence could come along and change the game here and create another changed circumstance, because that's what I want to avoid saying, is that the board never precluded the idea that other circumstances could arise that could be considered a changed circumstance here. What we have here is somebody who got a DUI, got put into proceedings, and couldn't rely on the circumstances in 2012, because it was two years later from then. And so he has a DUI, he could have sought asylum at any point, now he's in proceedings, he wants to seek asylum, and someone else came along and did the same thing that happened before. But D.I.J. found that he was totally credible. And he is. He is. So it's not just, oops, he got stuck for DUI, D.I.J. is saying, I believe you that these things happened. Your Honor, but nothing stops an applicant from keeping on saying, well, more and more people are coming to look for me, and now they're back at my mother, my children's house, and now they're back at my sibling's house. And at what point does this moving target stop at some point with the same type of circumstance coming forward? Yeah, what about the fact, excuse me, I didn't mean to cut you off, but what about the fact that the ALJ called this new evidence an escalation? Actually, those were the board, that was- I mean the board, okay. Yes. What about the fact that they called that an escalation of events? Does that matter in the analysis? Well, Your Honor, that was poor articulation, in my opinion, by the board, because what the board was doing there was summarizing what the I.J. had found, and I believe that the board could have chosen a different word there, because what the board really meant to say is that the I.J. found a repeat of the circumstances, or essentially the same circumstances duplicated. Not necessarily- Escalation doesn't mean repeat. Escalation means it gets worse. It was sort of more of the same, is how I read the board as trying to articulate what the I.J. had found. More of the same. Do you agree they called it an escalation? I agree the board used that word, but what the board was doing was trying to summarize what the I.J. had found. If you take a look at how that comes up in the board's decision, the board said the immigration judge disagreed, and instead found that the 2014 incidents were an escalation of the 2012 incidents. But that isn't actually the words used by the I.J., so the board was at that point not making a finding of escalation, but rather trying to repeat what the I.J. had found using an unfortunate word because I think that that isn't exactly the best word to use in summarizing what the I.J. found. Okay, well then how about the board's language here? We agree with the immigration judge that additional proof in support of an existing claim does not establish changed circumstances. Right, again- That's pretty much a statement of law, isn't it? Well, Your Honor- Why isn't that a statement of law? It's not a statement of law because the immigration judge did not make a statement of law. And if you're saying that, again, if you're saying that what you're really doing is agreeing with the immigration judge and you're just saying you got it right, how- On this legal principle. Well, what the immigration judge, if you look at what the immigration judge found, he found very specific to the petitioner's case. And so what he said is additional proof of pre-existing persecution is not a changed circumstance materially affecting the respondent's eligibility for asylum. And I think- What page of the I.J.'s opinion are you referring to? So this is, it seems to me- Oh, this is, so the I.J.'s decision is on pages 74 to 75 in the record. Mm-hmm. I'll get you exactly- So it's at the top of page 75 in the record where he says, two years ago, there was substantial evidence that the family members were targeted and questioned. Additional proof of pre-existing persecution is not a changed circumstance materially affecting the respondent's eligibility for asylum. Well, the issue of materiality is a legal judgment, isn't it? Your Honor, yeah. I mean, essentially, yes. And I want to clarify- There's two things you do. One is you determine historical facts, and that's fact-finding. And the other is you apply the law, you determine what they mean in the law, and that's materiality. Yes, Your Honor. And that's a legal judgment. You're on- And that's subject to de novo. Well, Your Honor, what I'd like to better explain for my brief is that the government was not trying to create a two-part test. There is a materiality legal component. Essentially, what the board did here was assume without deciding the materiality aspect from the way we see it. Well, the Turkson decision makes it pretty clear that it's a two-part test, doesn't it? I'm sorry, the what? The Turkson v. Holder. This Court's brilliantly written decision. Well, Your Honor, I'm sorry I don't have that case right in front of me at the moment, but to the extent that there are two separate- If you look at the regulation and you look at the statute in terms of change circumstances which materially affect, and then my opposing counsels point out, well, change circumstances refer to circumstances materially affect, but then you look down at A and B and they refer to changes in conditions which materially affect changes in the applicant's circumstances So you're still looking at changes. Now what I mean to say here is that the materiality component, assume that it is material. Assume that more evidence about relatives being targeted, I mean, just assume for the sake of argument for a moment that that is material, okay? But the idea is, is it enough of a change? And it comes into a discretionary matter about what it means to be enough of a change, whether a change is trivial or nontrivial. How much of a change makes it material? How much materiality makes a change? I mean- But that's not what we have in front of us here, is it? What you have here is a very narrow finding based- What the agency did in this case was not necessarily make the typical change circumstance finding because what they had was a change circumstance finding based on 2012 events. And what they were doing was simply a comparison method because they had found those change circumstances materially affecting eligibility, and by the way, those were after he was in the U.S., those were additional bases that perhaps weren't needed to establish his eligibility for asylum, just as I pointed out in the brief. The finding of the 2012 circumstances is telling how the agency was looking at things. There were materially changed circumstances in 2012, but now he's alleging 2014, the same circumstances that were present in 2012. So what the agency did is a much more narrow type of finding here. They looked at what they had previously found, and they compared the facts. The facts were gang members going after family members looking for a petitioner. The facts were gang members looking for a petitioner going after family members. But to get there, you have to interpret meaning of the term change circumstances. Well, it was essentially a factual, and not exactly a... You pointed out those two cases earlier from the other circuits there, Sixth Circuit went that way and looked at it and says, that's a legal determination. You make a determination that as a matter of law, that if this exists, this is the way it's going to be. Well, essentially it's just reading the, I mean, I understand what you're saying, maybe just the fact that you have to come up with an opinion about what it means to be a change. I mean, it essentially converts every question into a legal question here. No, it doesn't. The non-legal questions are what happened to his sister and the mother of his children and all that. The legal question is, what does that mean? Well, the agency found here that it doesn't mean a change, if that's what you're getting at. The agency found no change. So the agency essentially interpreted the meaning of change of circumstances, which is a question of law. I mean, the agency didn't go about its decision in an interpretive manner, in terms of supplying the court with some sort of analysis that way. It doesn't appear that this agency decision looked at it as an interpretive type of decision because they simply just looked at the facts. Is it a problem that they need to look at it from that perspective? And if you did not use the right standard, you're asked to go back? I don't believe that the agency used the wrong standard, though. I think that they used their discretion to determine a change, whether they believed that the facts were the same or different. And I think that the change aspect is what really mattered in this case. And the fact that you could just keep saying the same type of circumstance over and over, it is the same type of circumstance. It's not a different circumstance. Well, why can't threats to family members, if they're continuing relentlessly, why can't that affect the analysis? Why can't they materially affect an eligibility for assignment? This is happening all the time. Well, that's right, Your Honor. Even though the fact it happened one time earlier may not have. Well, Your Honor, then go ahead, and as I mentioned, if you go ahead and assume that every change or I'm sorry, that every new set of facts materially bolsters, enhances the claim as inevitably more and more and more facts will because you're just essentially bolstering, improving, strengthening the claim, however you want to put it. But the idea is whether there was, is that considered a changed circumstance that is materially bolstering the claim? As you pointed out, what if like a new dictator came in or something entirely different or some terrible decline of the country conditions, something very different from what circumstance was being alleged? I mean, the point is that when you have a one-year deadline, the idea is that you should be encouraged to apply, and you're not punished for applying if your claim is denied for not having enough evidence. Well, there's a remedy for that, and you file a motion to reopen based on material changes, and that's something recognized by the agency. And here what you have is somebody who had every opportunity to apply, and it's kind of the example of, I mean, the one-year deadline becomes a little bit meaningless if someone is able to keep saying, well, now this person, you know, now the gang went after this person, and now the gang went after this person, and it becomes this moving target, essentially. Well, that goes to the merits, doesn't it, though? In other words, you know, here this guy was essentially lying low until he got pulled for the DUI, and then all of a sudden this stuff comes up to help save him from the statute of limitations. But that really begs the question of the legal standard, whether existing changes in circumstances of an existing claim can constitute proof. You see what I'm saying? They're two different things. You might have a very good argument that, you know, he just, look what happened, the timing of these events, but that doesn't answer the legal issue, does it? Well, Your Honor, the court never said, though, like I said, as a legal, I mean, I'm sorry, the board never made that sort of preclusionary finding about new events cannot, you know, bolstering events. I think the question is the meaning of this language where the board said, we agree with the immigration judge that additional proof in supporting an existing claim does not establish changed circumstances. That sounds pretty categorical and not case-specific to me, but you're saying it's case-specific. If you look at it in the context of the IJ's decision, which the board was simply trying to affirm and repeat there, that is where we're looking at the language more specifically there, because if all the board was really trying to do was sort of a little bit rubber stamp what the IJ had found in terms of his factual findings, which is why the board was saying it was reviewing it for clear error, then that is what, those are the facts that we're looking at. What I'm getting at is what's the harm in having us just say, well, look, the law is that you can have additional proof in support of an existing claim. It could be materially changed circumstances, and that's a determination, discretionary determination for the IJ and the board to make, and then go back and make your argument. This guy was basically not taking advantage of what he could have done and only waited until he got in trouble to assert his claim. You see what I'm saying? What's the harm in having us clarify this? And so everybody knows that you do have a legal right to make the argument. You may not prevail factually, but this is an issue of law that you can argue. Well, Your Honor, it's actually somewhat contrary to Gomis, and I understand that my opposing counsel's position is that because the arguments weren't raised, because this is in many ways similar to Gomis. There's a few key differences. My question was on whether the evidence was sufficient regarding materiality, wasn't it? I mean, Ms. Gomis did not make an argument in her brief, as far as I could tell, that as a matter of law. It did not present that case as a matter of law. It was whether the record showed a material change of circumstances, was it not? Well, what the IJ found there was her evidence of her sister's circumcision, and this was the more recent evidence, which she relied on to prove changed circumstances, merely confirmed the condition she claimed existed when she left Senegal. And so that was a preexisting condition. That's essentially what the court's language was in the summary of it, and also later on when it says because the immigration judge found that the incident she wanted to rely on did not constitute, you know, in summarizing the IJ's decision, because the threat of the FGM was the very reason she claims to have left, and the board found no error in that decision. And then the court found under the express language of 1158A3, we lack jurisdiction to review this. And the court found that the finding of a preexisting condition, which was, again, those are a lot of the words that were used here, and I'm not saying that this is exactly the same thing, and we definitely want to make sure there was no categorical holding about it had to be a different reason than the reason that the petitioner left his country. That isn't what was found here. Obviously, a changed circumstance within this country was found because it was in 2012 after he entered. Let me ask you one last question. If we, if the materiality, we accept the materiality is an inherent part of change, circumstance, termination, do we have to remain if we find that? You don't actually have to, Your Honor. That's what I was trying to clarify, and I think my brief at the end may have, but when I read it again, I thought that maybe I didn't explain myself as well. You could assume without deciding that materiality was a part of this and that. The brief tells us that if we do make that determination, materiality is an inherent part of change, circumstance, and termination, we need to send this back because when you look at it, the so-called two-part test probably doesn't exist anywhere. I'm not sure where it exists, but it's really materiality that's critical because every time you have something that happens additionally, by definition, there's a difference. So I think all we're talking about is materiality. I'm not sure the board went there. Your Honor, I think the board, you can read this as sort of assuming without deciding the materiality component. Assume that every change is material under my opposing counsel's extensive definitions of materiality, anything that could potentially have the effect of influencing an application. So every new piece of information, I mean, this is part of the problem with the change circumstance exception. It doesn't necessarily have to be material. I'm sorry? It could be a new piece of information, but it doesn't have to be material. Absolutely. The issue is whether materiality is a part of the determination of whether there's a change circumstance. I think that— The answer from you is, is it not? I think that it doesn't necessarily have to turn on that when you have the type of finding in this case where you have— Is that the only question? The materiality? I mean, we've already established that anything different is new. So we've got that. We've got a change there, but a factual change. But see, is that a change? It's a material change. Your Honor, I understand, and I think that it's—I think they sort of—the exception swallowed the rule on both ends of things. If everything is material and every new—can everything new be a change? Everything new is a change. And that's essentially what the government doesn't want this court to find. The only difference is the question of whether everything is material. The difference in question from that, everything is material, to what is material. Is it material? If it's not material, it's not everything is. Everything is new. Everything is different because it's something different that happens. It goes in, kills, assaults his girlfriend, son, the whole bit. That's different. But the materiality determination is separate. And if it's an inherent part of determining whether that is a change circumstance for purposes of this, that's something that the board didn't do. I think the board didn't need to do more than sort of assume without deciding any materiality issue and base this on a factual change comparison because otherwise everything— Sixth Circuit case, you know, it doesn't matter essentially. Once something happens on a level, you don't show it's different. If it comes out of the same circumstance, then that's the end of the inquiry. Sixth Circuit said, no, that's a question of law. Your Honor, under this situation and the facts there were different because in that Sixth Circuit case the I.J. did find that he was making a legal interpretation and did find an incremental change as far as I remember in the Mendebvu case. He found what he called an incremental change. And so there was this idea that, you know, he found that, you know, you were making a legal determination about the types of change, you know, that type of change wasn't good enough essentially. Here there's a no change finding. And I think that if you look at it this way, this isn't an incremental change. It's an intensification change. But that you want us to disregard. Well, Your Honor, as I mentioned, that was the Board's attempt to summarize. I thought it through a few words that we all didn't know. Is that what you're saying? Your Honor, I think that the Board's decision did not do the best in summarizing the I.J.'s decision. That's all we have. We've got to do with the decision. We can't just read between the lines. We've got to take it for what it says. But if the whole point of the Board's decision is to review the ---- It's an escalation. It's not being argumentative. I understand you want us to disregard those little words there because they're not very helpful. But that's not the way it works. We've got to look at it and see what they're saying. And when you put it in the context of what's going on here, the simple thing is why don't we send it back and get it right? Well, Your Honor, I think that this Court has never found ---- At the end of the day, just send it back and say, hey, make sure you get your language right. Your Honor, because the government believes that the policy behind not looking so much at these factual questions, this Court has never found the ability to review the changed circumstances exception that way. And maybe other courts have found this whole mixed question of law and ---- It's not been presented as an issue. Well, the Court had the ---- Well, in Gomez, as I mentioned ---- So you're going way, way over your time. And you're answering Judge Wynn's questions. But try to confine yourself to answering his questions rather than embarking on ---- Yes, Your Honor. ---- your expanded argument, if you would. Do you have anything further in answering his question? The very last question you asked, can you repeat it again? That was good. Okay. Thank you, Your Honor. Thank you. We'll hear from Mr. Winograd in ----, please. Well, so tell me this. Suppose once a month they went to his mother and said, where's old Romero's umbrella? And they did that every month eternally. Would each of those, would that become a changed circumstance that's relevant under the law? Each incident would be a changed circumstance, but each incident would not materially affect his eligibility for asylum because clearly at some point it would reach the point of diminishing returns. For the same reason that each new battle in a civil war would not necessarily trigger the exception, even though each new battle is a changed circumstance. You know, at some point there's just no, the effect on the aliens' eligibility for asylum is so trivial that it no longer becomes material. Did I understand the government saying even if we assume materiality, they still prevail? I do not wish to speak for the government. I mean, I think the government, I think we win regardless of who's reading of the record the court adopts. That is our position. I wouldn't prefer to speak for the government. If the court does not have any further questions about the statutory claim, our regulatory claim is that the board applied the wrong standard of review. Under federal regulations, the board may apply clear air review for factual findings and credibility determinations, but it must apply to NOVA review for all other issues, including questions of law, judgment, and discretion. As this court put it in Turkson and Upacha, the board may apply clear air review when assessing historical facts and the likelihood of a future occurrence, but must apply to NOVA review when assessing, quote, the legal significance of those facts and the ultimate conclusions to which they lead. Now, we don't dispute that whether an alien ultimately qualifies for the exception is a fact-bound determination, but that does not make the determination itself a question of fact. As with any mixed question, whether an alien qualifies for the exception involves both factual and legal determinations. Whether the events at issue actually took place is a factual determination to which the board may apply clear air review, but whether an alien qualifies for the exception based on those facts is a legal determination to which the board must apply to NOVA review. So in this case, the board should have applied to NOVA review for the simple reason that the facts themselves were not in dispute. The immigration judge found that my client testified credibly and the government did not challenge that determination on appeal. So the only question before the board was whether my client qualified for the exception based on the events of March 2014. Well, at the end of the day, that finding would have had to be related to some part of the statutory language. You know, whether we don't see changed circumstances or even if we do, we don't think there's a material effect on the alien's eligibility for asylum. Either way, the board was required to apply to NOVA review. At the end of the day, it's still a legal determination. Changed circumstances is a statutory standard that is defined in regulations. Just as the term torture was defined in regulations in Turkson and just as the term good faith was referenced in the statute and defined in the regulations in Upacha. I think whatever the basis for the board's decision, it had to apply to NOVA review one way or the other. That's our position. All right, sir. Anything further? If the court has no further questions. Thank you. Okay, thank you. We'll come down to Greek Council after the clerk closes the session of the court. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: Barbara Milano Keenan, James A. Wynn, Jr., John A. Gibney Jr.